UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| KAMERON LESLIE, | ) | |
|---|---|---|
| | ) | Case No. 1:22-cv-232 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

## MEMORANDUM OPINION

Petitioner, a pretrial detainee, has filed a petition for habeas corpus relief that the Court construes as filed under 28 U.S.C. § 2241[1] (Doc. 1) and various manually filed exhibits (Doc. 4). For the reasons set forth below, the petition will be **DENIED**, and this action will be **DISMISSED**.

### I. ALLEGATIONS

In his petition, Petitioner claims that on January 10, 2019, a detective assured two people that he would "make sure that [Petitioner] would get what he deserves." (Doc. 1, at 1.) Petitioner further alleges that this same detective "withheld relevant and material information from the Grand Jury" and lied in an affidavit in support of a request for search warrant for Petitioner's Facebook account. (*Id.* at 2–3.) Petitioner therefore requests that he "be released from custody immediately and permanently." (*Id.* at 3.)

---

[1] "[P]retrial detainees must travel down the § 2241 path" to obtain habeas corpus relief. *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019).

## II. STANDARD

Federal courts may issue a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, while federal courts have "jurisdiction . . . to consider pretrial habeas corpus petitions, they should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Accordingly, due to principles of comity and federalism, federal courts generally abstain from ruling on requests for habeas corpus relief from pretrial detainees. *Id.*; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973); *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014) (noting that the instances permitting a pretrial detainee to challenge his prosecution prior to judgment are "rare" and that "such claims are extraordinary"). And the Sixth Circuit has found that a federal court may rule on the merits of such pretrial habeas corpus petitions only where (1) the petitioner sought a speedy trial and exhausted his available state court remedies; (2) the petitioner sought to avoid a second trial due to double jeopardy concerns; or (3) the petitioner faced prejudice from prior ineffective assistance of counsel and due process violations on retrial. *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (citations omitted).

Additionally, even if a petitioner seeking relief under § 2241 demonstrates that he has an extraordinary claim, he must "exhaust all available state court remedies before proceeding in federal court, and this usually requires that the[] [petitioner] appeal an adverse decision all the way to the state's court of last resort." *Phillips v. Ct. of Common Pleas*, 668 F.3d 804, 810 (6th Cir. 2012); *Seaton v. Kentucky*, 92 F. App'x 174, 175 (6th Cir. 2004) (affirming dismissal of §

2241 petition for "failure to exhaust state court remedies"); *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987) (providing that the district court can and must raise the issue of whether a habeas petitioner properly exhausted his state court remedies *sua sponte* when it clearly appears that the petitioner did not present his habeas claims to the state courts). In Tennessee, presentation of a claim to the Tennessee Court of Criminal Appeals ("TCCA") is sufficient to exhaust available state court remedies. Tenn. S. Ct. R. 39 (determining presentation of a claim to the Tennessee Court of Criminal Appeals will satisfy the requirement of presentation to the state's highest court).

## III. ANALYSIS

First, while Petitioner asserts in his petition that he has exhausted his available state court remedies for his claims, and the exhibits to his petition establish that Petitioner sought dismissal of the indictment against him based at least in part on the same arguments he presents herein and the criminal court did not grant him relief (Doc. 4), nothing in the petition or the exhibits filed therewith indicates that Petitioner has presented his claims for relief to the TCCA. Thus, it appears that Petitioner has a state court remedy available to him for his claims that he has not exhausted. *See State v. Wallace,* No. W2005-02235-CCA-R9-CD, 2006 WL 1440369 (Tenn. Crim. App. May 24, 2006) (opinion addressing an interlocutory appeal challenging the trial court's denial of dismissal of motion to dismiss indictment).

Nevertheless, even if Petitioner has exhausted his available state court remedies for the claims in his petition, those claims do not fall within the narrow grounds for which the Court could grant § 2241 relief under existing Sixth Circuit precedent or present the Court with special circumstances that justify federal intervention into his state court proceedings. As set forth above, Petitioner seeks to challenge a statement from a detective and the validity and

3

thoroughness of the information the same detective presented to the grand jury that indicted him and to Facebook in obtaining a search warrant for his Facebook account. However, these claims essentially challenge the adequacy of the evidence against Petitioner and are not extraordinary, as Petitioner can raise them at trial. It is not proper for Petitioner to attempt to derail his pending state court criminal proceeding "by litigating a . . . defense to a prosecution prior to trial" through a § 2241 petition for habeas corpus relief. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citations omitted).

Thus, the petition does not set forth an extraordinary circumstance sufficient to justify the Court's intervention in the state court proceeding against Petitioner, and this action will be **DISMISSED**.

## IV. CERTIFICATE OF APPEALABILITY

Accordingly, the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). As the petition does not make a substantial showing of the denial of a constitutional right, a COA **SHALL NOT** issue.

## V. CONCLUSION

For the reasons set forth above:

1. This action will be **DISMISSED**;

2. A COA **SHALL NOT** issue; and

3. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**